IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DASHAWN AYERS, | § | |
| | § | |
| Defendant Below- | § | No. 585, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1208001950 (K) |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: April 20, 2017
Decided:    June 23, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

**O R D E R**

This 23rd day of June 2017, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Dashawn Ayers, filed this appeal from the Superior Court's denial of his motion for postconviction relief.   The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Ayers' opening brief that his appeal is without merit.  We agree and affirm.

(2)    A Superior Court jury convicted Ayers in October 2013 of Drug Dealing, Aggravated Possession, and Conspiracy in the Second Degree.  Among other issues, Ayers argued on direct appeal that the Superior Court erred in allowing wiretap recordings into evidence because the tapes violated his constitutional right

to confront witnesses and because the trial court failed to follow the proper procedure under Delaware Uniform Rule of Evidence ("DRE") 801(d)(2)(E) before admitting the evidence. We rejected these arguments and others and affirmed the Superior Court's judgment.[1] But, we remanded the matter for the Superior Court to merge Ayers' convictions for Drug Dealing and Aggravated Possession for sentencing purposes and to resentence him accordingly.[2]

(3)    Ayers filed a motion for postconviction relief on June 1, 2015. The Superior Court appointed counsel to represent him, but later granted counsel's motion to withdraw under Superior Court Criminal Rule 61(e)(6).[3] Ayers' motion and supporting papers raised various claims of error related to the testimony of Special Agent Jeffrey Dunn, who testified, in part, about the meaning of certain slang expressions heard on the wiretap recordings that were played for the jury. The Superior Court denied Ayers' motion, finding some of his claims procedurally barred and others meritless. This appeal followed.

(4)    Ayers raises four claims in his opening brief on appeal. He claims both his trial counsel and his appellate counsel were ineffective for failing to challenge the admission of Dunn's testimony under DRE 403 and 702. He further contends

---

[1] *Ayers v. State*, 97 A.3d 1037 (Del. 2014).
[2] *Id*. at 1041.
[3] Rule 61(e)(6) permits appointed postconviction counsel to file a motion to withdraw if counsel finds that the defendant has no substantial ground for postconviction relief and counsel cannot ethically advocate on the defendant's behalf.

that appellate counsel was ineffective for failing to challenge the Superior Court's ruling that the State did not violate its discovery obligations when it did not specifically identify Dunn as its proposed expert and that he would be opining on the meaning of slang words. Ayers also contends that appellate counsel was ineffective for failing to argue that the Superior Court erred in allowing the wiretap evidence in under DRE 801(d)(2)(E). Finally, Ayers contends that his counsel was ineffective for failing to appeal his resentencing, which violated double jeopardy principles.

(5) Ayers' double jeopardy claim was not raised in the motion he filed in the Superior Court. Thus, our review of this belated claim is barred unless Ayers can establish plain error,[4] which we do not find. On direct appeal, we explicitly held that there was no merit to Ayers' double jeopardy claim regarding his separate drug convictions. Nonetheless, we remanded to the Superior Court to merge those convictions for sentencing purposes,[5] which the Superior Court did. There was no basis for counsel to appeal Ayers' resentencing.

(6) With respect to Ayers' other claims, this Court reviews the Superior Court's denial of postconviction relief for an abuse of discretion.[6] To the extent the parties raise questions of law or constitutional violations, they will be reviewed de

---

[4] Del. Supr. Ct. R. 8.

[5] *Ayers v. State*, 97 A.3d at 1041.

[6] *State v. Reyes*, 155 A.3d 331, 339 (Del. 2017).

3

novo.[7]  But, this Court must first consider the procedural requirements of Rule 61 "before addressing the merits of claims made in postconviction proceedings."[8]

(7)    Rule 61(i)(4) provides that "any ground for relief that was formerly adjudicated … is thereafter barred."[9]  Ayers' claim that the wiretap evidence should not have been admitted under DRE 801(d)(2)(E) was raised and rejected by this Court on appeal.[10]  His assertion that appellate counsel failed to raise this argument on direct appeal is simply incorrect.  We do not need to reconsider the underlying merits of this previously adjudicated claim.

(8)    Ayers' remaining claims are related.  He alleges that both his trial counsel and appellate counsel were ineffective for not challenging the admissibility of Dunn's expert testimony because it constituted a discovery violation and violated DRE 702 and 403.  To prevail on an ineffective assistance of counsel claim, Ayers must establish that: (i) counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceeding would have been different.[11]  A "reasonable probability" means a probability that is sufficient, considering the

---

[7] *Id.*
[8] *Wright v. State*, 91 A.3d 972, 985 (Del. 2014) (quoting *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)).
[9] Del. Super. Crim. R. 61(i)(4).
[10] *See Ayers v. State*, 97 A.3d at 1041.
[11] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

4

totality of the evidence, to undermine confidence in the outcome.[12]  A defendant must set forth and substantiate concrete allegations of actual prejudice[13] in order to overcome the "strong presumption" that counsel's representation was professionally reasonable.[14]

(9)  In this case, the record reflects that Ayers' trial counsel raised a dual objection to Dunn's testimony before Dunn took the stand to testify.  Counsel argued that the State had violated its discovery obligations by failing to identify sufficiently the subject matter upon which Dunn would testify as an expert.  Counsel also argued that the subject matter of Dunn's expert testimony, i.e., the meaning of slang language, was a factual matter that was within the jury's realm of understanding and did not require an expert opinion.  After listening to counsel's arguments, the trial judge concluded that the State had satisfied its discovery obligations and that the judge was satisfied that the tapes contained words and phrases not commonly understood by ordinary laypeople.

(10)  Furthermore, the record of Dunn's expert testimony reflects that it was based on sufficient data because he had listened to the tapes, that his expert opinion was the product of reliable principles (namely, his extensive prior experience as a

---

[12] *Id.* at 694-95.

[13] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[14] *Strickland v. Washington*, 466 U.S. at 689.

drug investigator), and that Dunn applied these principles to interpret for the jury the coded language used by the coconspirators on the wiretap recordings.[15] Under the circumstances we find no error or abuse in the Superior Court's decision to allow Dunn's expert testimony. The testimony was relevant, and there is no merit to Ayers' belated suggestion that the probative value of the testimony was substantially outweighed by the danger of unfair prejudice or confusion of the issues under DRE 403. Thus, we reject Ayers' claims that his trial and appellate counsel were ineffective for failing to challenge the admission of Dunn's testimony on all of these grounds.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[15] *See* Del. Unif. R. Evid. 702.